IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAMIE SEIFERT, ) | CASE NO.: 1:10 CV 2440 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| GRAPHIC PACKAGING ) | |
| INTERNATIONAL, INC., ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF #22). Plaintiff has filed an response in opposition, and Defendant filed a reply in support of the motion. (ECF #26, 27). After careful consideration of the issues and a full review of the filings and all relevant authority, Defendant's Motion for Summary Judgment is, hereby, GRANTED.

**FACTS AND PROCEDURAL HISTORY[1]**

Ms. Seifert filed her Complaint in the Cuyahoga County Court of Common Pleas on September 22, 2010, alleging that she was wrongfully terminated by the Defendant. The

---

[1] In accordance with the applicable standards on a motion for summary judgment, genuine questions of material fact have been resolved in favor of the non-moving party, in this case, the Plaintiff.

Complaint claims that Ms. Seifert was hired by the Defendant in July of 2009 to be a Materials and Scheduling Manager, and that she was subsequently "told by Defendant that male employees were upset that a female had been hired for the Materials and Scheduling Manager position. On or about October 5, 2009, Plaintiff was specifically told by a male union supervisor that he would not work with a woman. Defendant told Plaintiff that male employees would not listen to a female holding her position. Plaintiff complained to Defendant about discrimination." (ECF #1, Ex. A). Plaintiff was terminated from her position on December 4, 2009. (ECF #1, Ex. A). The Complaint lists six causes of action under Ohio state law, all based on her alleged wrongful termination: (1) Breach of Implied Contract; (2) Intentional Infliction of Emotional Distress; (3) Promissory Estoppel; (4) Gender Discrimination under Ohio Rev. Code § 4112.99; (5) Age Discrimination under Ohio Rev. Code §4112.99; and (6) Retaliation. (ECF #1, Ex. A). The Defendant was served on September 30, 2010 and timely removed the case to federal court based on diversity of citizenship pursuant to 28 U.S.C. §1441.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).   A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  Although evidence may be presented in support of a summary judgment motion, the moving party need not support its motion with affidavits or similar materials that negate the non-mover's claim(s) if they can otherwise show an absence of evidence supporting the non-mover's case.  *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000).  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252).  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citations omitted).  In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.  However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the

-3-

higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 56(a), Defendant cites to deposition testimony of the Plaintiff, in support of its motion for summary judgment. Ms. Seifert's testimony refutes nearly every allegation in her Complaint. The deposition testimony establishes that Ms. Seifert believed that one of her co-workers was sabotaging her work efforts because he did not like working with women, however she never established that this co-worker was one of her supervisors, or that the Defendant company had or should have had any knowledge that this alleged gender based

discrimination and sabotage was taking place.  In fact, Ms. Seifert testified that she never informed the company, even when confronted with performance deficiencies that she claims were caused by the co-worker's sabotage.  Instead she signed off on disciplinary notices, kept quiet about the alleged gender discrimination by the co-worker, and exhibited hostile and unprofessional attitudes and behavior when her performance issues were raised by her direct supervisors and the Defendant's Human Resources Department.

There is no evidence indicating that she was terminated in retaliation for a protected activity, or that her termination was motivated by discrimination on the basis of age or gender.  Further, there are no allegations that other comparably situated employees of non-protected status were treated more favorably.   In short, Ms. Seifert's own testimony (which is the only evidence presented by either party in connection with the Summary Judgment motion and Plaintiff's response) fails to establish facts sufficient to support a finding for wrongful termination, and directly refutes many of the allegations made in support of the claims in her Complaint.

**I. Discrimination Claims (Counts Four and Five).**

Ohio Revised Code §4112  prohibits employers from discriminating against employees on the basis of gender or age.  O.R.C. §4112.99.  "It is well established that the burden is on an employment discrimination plaintiff to establish a *prima facie* case of discrimination."  *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citations omitted).  A plaintiff may establish a claim of disparate treatment in one of two ways--via indirect or direct evidence. First, a plaintiff may establish his case "by presenting credible, direct evidence of discriminatory intent."

*Mitchell*, 964 F.2d at 582 n.4. In the absence of direct evidence of discriminatory intent, a plaintiff may establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and, (4) he was replaced by a person outside the class. *Id; Valley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995);. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990). If a plaintiff's claim is that a similarly situated non-minority was treated more favorably, the fourth prong of the test is altered, *i.e.*, "a plaintiff can also make out a prima facie case by showing, in addition to the first three elements, that 'a comparable non-protected person was treated better'." *Mitchell*, 964 F.2d at 582; *Valley*, 61 F.3d at 1246.

In applying this test, although the burden of persuasion remains with the plaintiff, the burden of production shifts between the parties. The Sixth Circuit has described this approach as follows: "(1) the plaintiff must establish a prima facie case of racial discrimination; (2) the employer must articulate some legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff must prove that the stated reason was in fact pretextual." *Harrison v. Metropolitan Gov't of Nashville and Davidson County*, 80 F.3d 1107, 1115 (6th Cir. 1996).

In establishing pretext, the plaintiff "may succeed . . . either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. However, in order to withstand summary judgment, a plaintiff must come forward with evidence demonstrating that the defendant's articulated nondiscriminatory justification is not true. *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1166 (6th Cir. 1996), *amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th

Cir. 1994).  To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence (1) that defendant's proffered reasons for the adverse employment action had no basis in fact, (2) the proffered reasons did not actually motivate the action, or (3) the reasons were insufficient to motivate the adverse action. *Manzer*, 29 F.3d at 1082.

In this case, the Plaintiff has offered no direct evidence of discriminatory intent by her employer.  In order to maintain her action, she must, therefore, establish a prima facie case of discrimination by showing that (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and, (4) a comparable non-protected person was treated better.  *Id; Valley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995); *Mitchell*, 964 F.2d at 582.

 Ms. Seifert, is a woman, and at the time of her termination was over forty years of age.  She is  therefore, is a member of a protected class based on her age and gender.  She clearly suffered an adverse employment action, i.e: termination.  She has also alleged that a younger male employee was chosen to replace her, and the Defendant has not challenged this assertion.  In addition, Defendant has not directly challenged Ms. Seifert's general qualifications for the job, except to point out the performance issues that it claims led to her eventual discharge.   However, even if the Court accepts that Ms. Seifert has presented a prima facie case of discrimination on the basis of age and gender, there is no dispute that Graphic Packaging's decision to terminate her was based on a legitimate non-discriminatory reason: a perception of poor performance and unprofessional behavior.

Ms. Seifert has not come forth with any evidence whatsoever that would prove the

Defendant's articulated nondiscriminatory justification for her termination is not true.  In fact, Ms. Seifert's testimony at her deposition corroborates and supports the Defendant's contention that she was fired because of repeated problems relating to ordering and inventory control, failure to take initiative to solve problems, and a specific instance of confrontational and unprofessional behavior.  (Pl. Depo., 101-104, 107, 120-122, 124-125, 156, 158, 171-174; Ex. 21-24).   In addition to her other testimony confirming the performance issues that arose, Ms. Seifert explicitly stated during her deposition that she was not terminated based on her age (Pl. Depo. 171), and that "[t]hey didn't terminate me because I was a female, they terminated me because they felt I was having poor performance."  (Pl. Dep. 172).[2]  Hence, rather than providing evidence that Graphic Packaging's  proffered reason for her termination is not based on fact, Ms. Seifert's own testimony establishes the facts that support the Defendant's position.

There is absolutely no evidence in the record that Graphic Packaging's decision to

---

[2]

  Ms. Seifert did express a belief that although her termination was not based on age or gender discrimination, she was discriminated against because some of the scheduling duties in her original job description were never transitioned to her and were instead performed by a younger male.  Ms. Seifert, herself, however, stated that this was not why she was terminated.  (Pl. Depo. 155, 156).  She also claims that she was discriminated against because she was eventually replaced by a younger male after her termination.  Even if true, this may go to the establishment of a prima facie case, but does nothing to refute the non-discriminatory reasons articulated by the Defendant for her discharge.  Ms. Seifert also claims that a co-worker harassed her because of her gender by sabotaging her work performance.  The Complaint, however, alleges only discriminatory termination and does not raise a claim for disparate treatment, harassment, constructive discharge, or other alleged discrimination on the job.  There is no evidence that the co-worker alleged to have sabotaged Ms. Seifert's performance had any role or input in her termination.  Further, a hostile work environment claim requires that the employer knew or should have known of the harassing behavior.  The Plaintiff's has offered no evidence that her employer knew or should have known of any harassing behavior or sabotage, and specifically disclaimed that she ever informed anyone of any such events or behaviors.

terminate Ms. Seifert was based on either her age or her gender.[3]  Therefore, Counts Four and Five of Plaintiff's Complaint must be dismissed.

## II. Retaliation Claim (Count Six).

Plaintiff's claim of retaliation is equally deficient.  In order to support a claim of retaliation under Ohio law, Plaintiff, first and foremost, would have to prove that she engaged in some type of protected activity. *See, e.g.*, *Motley v. Ohio Civ. Rights Comm*., 2008 WL 2026426, *2 (Oh. Ct. App. May 13, 2008).   Ms. Seifert has produced no evidence to suggest that she was engaged in protected activity of any kind.  In fact, during her deposition, Ms. Seifert admitted that she never informed anyone Graphic Packaging International, Inc. that she felt harassed or otherwise discriminated against based on her age or her gender.   Her deposition testimony repeatedly made clear that she never reported any alleged discrimination to her supervisors or other management or human resources personnel, and that she did not claim that she had been terminated in retaliation for reporting alleged discrimination.  (Pl. Depo.  166-167, 172-174, 176,

---

[3]

  Ms. Seifert's age discrimination claim also fails because the statute of limitations expired on that claim before she filed her lawsuit.  Plaintiff has not refuted Defendant's argument that the statute of limitations on her age discrimination claim would have expired on June 2, 2010.  The Complaint was not filed until September 22, 2010.  In addition, she failed to defend the claim against any of the arguments raised in Defendant's Motion for Summary Judgment, thus the age discrimination claim could also be dismissed as abandoned by Plaintiff.  "When a plaintiff asserts a claim in a complaint but then fails to delineate that claim in her brief in opposition to summary judgment, that claim is deemed abandoned." *EEOC v. Home Depot U.S.A. Inc*., 2009 U.S. Dist. LEXIS 11596, *49-50 (N.D. Ohio Feb. 17, 2009; *see also Clark v. City of Dublin*, 178 Fed. Appx. 522, 524-25 (6th Cir. 2006).

197). [4] Ms. Seifert has failed to demonstrate that there is a genuine issue of material fact relating to her claim for retaliation. Consequently, Count Six shall be dismissed.

### III. Breach of Implied Contract/ Promissory Estoppel Claims (Counts One and Three).

Ms. Seifert also brought claims for breach of implied contract and Promissory estoppel. She claims that Graphic Packaging led her to believe that "her employment was long-term" and she gave up her prior employment only to be terminated little more than four months later. She also claims she was not allowed to assume or perform certain duties associated with her job description, and that Defendant failed to pay a prior headhunter fee the Plaintiff owed in connection with her prior employment.

There is no question from the record that Ms. Seifert was an employee at will, which means that under Ohio law she could be discharged at any time, with or without cause. *Wright v. Honda of Am. Mfg., Inc*., 73 Ohio St. 3d 571, 574, 653 N.E. 381, 384 (1995). An employee seeking to overcome the at-will presumption bears a "heavy burden" and cannot rely on oral representations that contradict a written at-will disclaimer. *See, e.g., Wing v. Anchor Media, Ltd.*, 59 Ohio St. 3d 108, 110, 570 N.E.2d 1095, 1098 (1991); *Karnes v. Doctors Hosp*., 51 Ohio St. 3d 139, 141, 555 N.E.2d 280, 282 (1990); *Daup v. Tower Cellular, Inc*., 136 Ohio App.3d 555, 561,

---

[4] Defendants have also cited law to support an argument that Ms. Seifert did not properly plead a retaliation charge under Ohio law. Further, as with the age discrimination claim, Ms. Seifert failed to defend this claim against any of the arguments raised in Defendant's Motion for Summary Judgment, thus the retaliation claim could also be dismissed as abandoned by Plaintiff. "When a plaintiff asserts a claim in a complaint but then fails to delineate that claim in her brief in opposition to summary judgment, that claim is deemed abandoned." *EEOC v. Home Depot U.S.A. Inc*., 2009 U.S. Dist. LEXIS 11596, *49-50 (N.D. Ohio Feb. 17, 2009; *see also Clark v. City of Dublin*, 178 Fed. Appx. 522, 524-25 (6th Cir. 2006).

737 N.E.2d 128, 132 (2000).

Plaintiff agreed that the terms of her employment relationship were established solely by the terms of her offer letter from Graphic Packaging. (Pl. Depo. 152-154; Ex. 15). That letter clearly and unequivocally confirms that her employment was at-will and made no promises of continued or long-term employment. The relevant language in the offer letter stated as follows:

> We recognize, however, that your circumstances may change and that you reserve the right to voluntarily terminate your employment at any time without cause or notice and for any reason. The Company will reserve the same privilege. Any promises or representations, either oral or written, that are not contained in this letter are not valid and are not binding on the company. In keeping with this concept, the description of your employment offer and compensation terms, including annual base salary are not intended to imply or express a contract of employment. This letter constitutes our complete offer package to recognize your new responsibilities.

(Pl. Depo., Ex. 15). Consequently Ms. Seifert's relatively early termination cannot be the basis for a breach of implied contract or promissory estoppel claim as the written agreement between the parties specifically disavowed any promise or implication that the job was guaranteed to be long-term, or that it was intended to be anything other than an at-will relationship. Further, a promise of future opportunity, even if made, does not establish a claim for implied contract or promissory estoppel. *See, Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 111, 570 N.E. 2d 1095, 1098 (1991).

As for the Plaintiff's contention that Defendant breached its obligation to pay her for a prior headhunters fee,[5] Plaintiff's deposition and the specific language of the offer letter make clear that Graphic Packaging agreed that it would reimburse Ms. Seifert $8,000 only if the

---

[5] This claim was not raised in the Complaint, and could be dismissed on that basis alone. The only breach alleged in the actual Complaint was the alleged breach by termination.

headhunter for her prior job succeeded in obtaining a court order to pay them a pro-rated placement fee for the first twelve months of her employment at Graphic Packaging (based on her early departure from her prior job). There is no dispute that no such Order was ever obtained, nor is there any dispute that Ms. Seifert has not, in fact, paid the prior headhunter any pro-rated amount of the placement fee from her prior employment. (Pl. Depo. 82; Ex. 15). As the condition precedent to payment has never occurred, Defendant has not breached any agreement to pay. Counts One and Three, therefore, must also be dismissed.

### IV. Intentional Infliction of Emotional Distress Claim (Count Two).

Ms. Seifert asserts that her termination amounted to intentional infliction of emotional distress. Because she cannot establish that her termination was, in any way, unlawful, she cannot recover for any emotional distress she may have suffered as a consequence. There is absolutely no evidence or allegation of the requisite level of extreme and outrageous behavior by the Defendant, nor is there any evidence or factual allegations sufficient to indicated that Ms. Seifert suffered the requisite level of "serious" emotional distress that is required for recovery under this theories. Ms. Seifert cannot support her allegations of intentional infliction of emotional distress, and therefore, the remaining claims as found in Count Two, must be dismissed.

### CONCLUSION

For the reasons set forth above, the Defendant's Motion for Summary Judgment (ECF #22) is hereby GRANTED. IT IS SO ORDERED.

      /s/ Donald C. Nugent
      Judge Donald C. Nugent
      United States District Judge

Date:   September 1, 2011